JOSEPH BOWLBY

*v.*

WILLIAM LOTT and others.

Where the sheriff, in advertising a sale under foreclosure, duly stated the title of the suit, and described the premises, but added, "seized and taken as the property of W. L. *et ux. et al.*, and taken in execution at the suit of J. B." (W. L. was not the owner of the fee, but the lessee)— *Held*, that this statement did not vitiate the advertisement.

Motion to set aside order for possession.

*Mr. Martin Wyckoff*, for the motion.

*Mr. Joseph S. Smith, contra.*

THE CHANCELLOR.

When the bill was filed, which was on the 10th of June, 1877, the title to the mortgaged premises was in Godfrey C.

1

Lott, to whom the property had been conveyed by the defendant, William Lott, by deed dated on the 2d of May preceding. Both William Lott and Godfrey C. Lott are parties to the bill. The property was sold to the complainant, under the writ of *fieri facias* in this suit, on the 8th of April, 1878. After the delivery of the deed from William to Godfrey, the latter leased the property to the former, from the time of making the lease up to the time when the property should be sold by the sheriff, and since the making of that lease, Godfrey has pastured his cattle and sheep on part of the premises, under an agreement between him and William, whom he compensates for the privilege. William Petty has possession of the dwelling-house on the property. He holds under William Lott. He went into possession after the commencement of this suit. After the sale by the sheriff, the complainant took proceedings for a writ of assistance, to obtain possession of the premises, against William Petty and Godfrey C. Lott. An order for possession was regularly made therein. Application is now made to set aside that order on the ground of surprise and merits.

The respondents aver that the advertisement of the sale was insufficient because the sheriff therein stated that the premises were "seized as the property of William Lott *et ux. et al.*, and taken in execution at the suit of Joseph Bowlby."

Godfrey C. Lott denies that he has possession. When possession was demanded, by the complainant, of him, he stated substantially that he did not claim possession, and he says he does not claim it now and will not prevent the complainant from taking possession of the property if the court shall adjudge that the notice of sale was sufficient.

The advertisement of sale stated that the sale was to be made by virtue of a writ of *fieri facias* issued out of this court and directed to the sheriff. It fully and particularly described the property. The statement to which the criticism of the respondents is directed, did not vitiate the advertisement.

---

The order for possession must stand as against William Petty. As against Godfrey C. Lott, it should be set aside, on the ground that he did not, when the demand for possession was made upon him, claim to have possession of the premises or any part of them. His reply to the demand was, however, somewhat evasive. Under the circumstances, no costs will be awarded to him.